**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                No. 95-5142

SHEREE CONLIFFE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-93-166)

Submitted: February 6, 1996

Decided: June 14, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Pamela C. Deem, CAREY, HILL & SCOTT, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Steph-
anie D. Thacker, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sheree Conliffe appeals from the district court's order revoking her supervised release and imposing an additional term of imprisonment. We affirm.

Approximately five months after Conliffe's release from prison where she was serving a sentence for providing false information to a federally licensed firearms dealer when she purchased firearms for others in exchange for money or crack cocaine, her probation officer filed a petition to revoke Conliffe's supervised release, alleging that Conliffe had violated five conditions of her supervised release-- namely that (i) based on a positive urinalysis, she possessed cocaine; (ii) she failed to submit to random urinalysis on five occasions; (iii) she failed to submit two monthly reports, submitted one report late, and failed to report to her probation officer on one occasion as directed; (iv) she neither attended her substance abuse treatment counseling nor rescheduled; and (v) she failed to report a change of employment within seventy-two hours. After a hearing on the proba- tion officer's motion, the district court found by a preponderance of the evidence that Conliffe violated the conditions of her supervised release by failing to submit two monthly supervision reports, failing to submit to random urinalysis, and possessing cocaine. The court revoked Conliffe's supervised release and sentenced her to a nine- month term of imprisonment and recommended that drug abuse coun- seling be made available to her.

On appeal, Conliffe challenges the district court's revocation of her supervised release, contending that the court abused its discretion in revoking her supervised release and imposing a nine-month prison term when three of four random drug tests were negative and that the court did not consider the availability of a substance abuse treatment program in lieu of incarceration. We review the district court's revo-

2

cation of supervised release for an abuse of discretion. <u>See United States v. Copley</u>, 978 F.2d 829, 831 (4th Cir. 1992) (stating standard of review).

The district court must revoke the supervised release of a defendant who has violated one of the conditions of supervised release by possessing a controlled substance. 18 U.S.C.A. § 3583(g) (West Supp. 1995). At the revocation hearing, the probation officer testified that Conliffe possessed cocaine because a random drug test yielded a positive result, failed to appear for random urinalysis on several occasions, and did not complete monthly reports--all of which were violations of the conditions of her supervised release. We therefore find that the district court did not abuse its discretion in revoking Conliffe's supervised release as required by § 3583(g). <u>Copley</u>, 978 F.2d at 831. We also reject Conliffe's claim that the court failed to consider the availability of a substance abuse treatment program in lieu of incarceration because the court, in imposing sentence, noted Conliffe's past failed participation in a treatment program and concluded that a voluntary treatment program probably would not be effective in the future.

Accordingly, we affirm the revocation of supervised release and the nine-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3